### CITY OF HOUSTON v. JOHN C. WALSH.

Decided November 25, 1901.

**1.—Judgment—Conclusiveness.**

Where plaintiff obtained a judgment, which was not appealed from, setting aside a former judgment foreclosing a tax lien upon his real estate in favor of a city, and afterwards brought suit against the city to recover the value of a part of such property lost by reason of the execution of the foreclosure judgment and a sale of the property to an innocent purchaser, the city was concluded in such latter action by the judgment setting aside the one of foreclosure, and whether it was properly set aside could not be inquired into.

**2.—Same—Effect of Reversal—Recovering Back Property.**

Where a judgment foreclosing a tax lien in favor of a city is reversed, or cancelled· and set aside, the defendant against whom it was rendered may recover back the property, unless the rights of another as an innocent purchaser have intervened, in which event defendant may recover of the city the value of the property so lost.

**3.—Same—Res Adjudicata—Pleading.**

A judgment in a former suit is res adjudicata of the cause of action set up in a second suit only when the pleadings in the former suit put in issue said cause of action, and the defense of res adjudicata is pleaded in the latter action.

**4.—Same—Rule Applied to Present Case.**

Where a tax payer recovered judgment against a city setting aside certain tax sales of his property to the city, but did not ask in that action, although he might properly have done so, to recover the value of one-half such property sold by the city to an innocent purchaser, the judgment in such action will not bar him from recovering such value from the city in a subsequent suit.

**5.—Same—Interest.**

In such suit to recover the value of the property lost, plaintiff is entitled ·to interest on its value from the date of its sale by the city, although he continued in possession thereof for some time thereafter; and the fact that judgment is rendered in his favor for interest for a month and a half longer than he is entitled to will not require a reversal, the amount of the excess being too small to be considered.

Appeal from Harris. Tried below before Hon. C. E. Ashe.

*Stewart, Stewart & Lockett* and *Joe M. Sam,* for appellant.

*Taliaferro & Wilson* and *Hutcheson, Campbell & Hutcheson,* for appellee.

PLEASANTS, Associate Justice.—In December, 1878, appellee with community funds purchased lot 1 in block 252 of the city of Houston. In 1892 appellee's wife died, and her one-half interest in the property descended to and vested in the children of himself and deceased wife. The title to this property from 1892 to the 11th day of January, 1899, was vested one-half in appellee and one-half in the children of appellee by said marriage.

On November 5, 1897, the city of Houston filed its original petition in cause No. 22,909 against John C. Walsh and wife for taxes alleged to be due and foreclosure of tax lien on lot 1 in block 252. On April 28, 1898, it filed its amended petition, and on June 30, 1898, obtained judgment for the taxes, including taxes for the year 1895, and foreclosure of the lien. Execution and order of sale was issued on this judgment, and the property bought in by the city of Houston, and a deed executed by the sheriff to it.

On July 30, 1898, the city of Houston filed a suit of trespass to try title against John C. Walsh and wife to recover lot 1 in block 252, thus bought in by the city. This suit was numbered 24,341. The defendant Walsh duly filed his answer to this petition. On January 11, 1899, the city of Houston took judgment for the title and possession of the land, and on the same day sold the land thus recovered to T. M. Scanlan.

On March 16, 1899, appellee, joined by his children as coplaintiffs, filed his original petition in cause No. 25,281 in the District Court of Harris County, Texas. This petition was indorsed "Bill of review and petition for writ of injunction," and the city of Houston, T. M. Scanlan, and A. R. Anderson, sheriff of Harris County, were made parties defendant. The purpose of this suit was to vacate and set aside the judgments in causes Nos. 22,209 and 24,341, above mentioned, and all proceedings had thereunder, and to cancel the deed executed by the sheriff under the judgment in cause No. 22,209, and the deed executed by the city of Houston to T. M. Scanlan. Plaintiffs sought to set aside the judgment, execution, and sale in cause No. 22,209 for defects in service, want of notice, and irregularities in the sale, etc. They sought to set aside and vacate the judgment in cause No. 24,341 and deed to Scanlan for the reason that the city of Houston, acting through its attorney, John S. Stewart, had agreed with the defendant John C. Walsh in said cause No. 24,341 to hold up all action therein, and that it (the city of Houston) "would do nothing at all in said cause No. 24,341 without first notifying the said John C. Walsh, and would give him sufficient notice to allow him to file an amended answer in said cause," and that in violation of which said agreement the city of Houston took judgment in said cause without notifying him. On March 21, 1899, T. M. Scanlan filed his

answer in this suit No. 25,281, and on the same day the city of Houston filed its answer specifically denying the fact of the agreement alleged by plaintiffs. The defendant Scanlan pleaded purchase under judgments in causes Nos. 19,643 and 22,209.

Cause No. 19,643 was a suit by the city of Houston, filed May 26, 1896, against John C. Walsh for taxes for 1895, and foreclosure on said lot 1, block 252. Judgment was rendered in that cause for the city of Houston on July 10, 1897, and execution and order of sale issued thereon, and the property bought by the city of Houston.

On May 9, 1899, the plaintiffs in cause No. 25,281 filed their supplemental petition in reply to the answers of the city of Houston and T. M. Scanlan, and attacked the judgment in cause No. 19,643 for want of service, notice of sheriff's sale, and other irregularities, and prayed that it and all proceedings under it be set aside and vacated. They also alleged and showed that in causes No. 22,909 and No. 19,643 the city of Houston had recovered judgment against the same land for taxes for the year 1895, and that it would be inequitable to compel them to pay the same taxes twice, but that if the court should hold Scanlan such an innocent purchaser as to be entitled to this double payment before a cancellation of his deed should be ordered, then that the plaintiffs should in equity recover from the city of Houston one-half of the amount so paid to Scanlan. On May 24, 1899, the city of Houston filed its replication in cause No. 25,281.

Cause No. 25,281 was duly tried on May 24, 1899, and submitted to the jury on special issues, and verdict of the jury returned thereon on May 25, 1899, and on June 8, 1899, judgment was rendered on this verdict by the court. This judgment decreed that the children of John C. Walsh recover one-half of the land from Scanlan; that as between the city of Houston and John C. Walsh the judgment in cause No. 19,643 and sale and all deeds thereunder be set aside, vacated, and canceled; that as between them the judgment, sale, and deeds in cause No. 22,909 be set aside, vacated, and canceled; that as between them the judgment in trespass to try title in cause No. 24,341 be set aside and vacated; but that Scanlan was an innocent purchaser thereunder, and as such entitled to protection; and that the setting aside of said judgment in cause No. 24,341 should not affect him, and accordingly decreed that he (Scanlan) should have and recover the title and possession of John C. Walsh's half interest in the land, and as to the relief prayed for from the double payment of taxes for 1895 decreed that the city of Houston go hence without day and recover its costs. Motion for new trial in cause No. 25,281 was overruled June 10, 1899, and on the trial of the case at bar it was admitted that the judgment in cause No. 25,281 had never been appealed from.

On the 14th of September, 1899, the plaintiff (appellee herein), John C. Walsh, filed his original petition in this case, setting up the fact of suit No. 24,341 being filed against him, the fact of judgment thereunder being taken in violation of the agreement with the city at-

torney, and the fact of its subsequent reversal and vacation in cause No. 25,281; the sale by the city of Houston to Scanlan; the loss of plaintiff's title, valued at $1500, and praying for judgment for that sum, together with interest thereon from the time of the rendition of the judgment in cause No. 24,341 and the execution of the deed from the city of Houston to Scanlan. Appellee also pleaded that the fact of the agreement and of the rendition of the judgment in cause No. 24,341 and its subsequent reversal were conclusively established as between the city of Houston and appellee by reason of judgment in cause No. 25,281. On December 13, 1899, the city of Houston filed its first amended original answer in this cause, denying the agreement alleged between it and appellee, pleading its purchase under judgment in cause No. 19,643, and No. 22,909, and that the appellee Walsh was represented by attorneys in cause No. 24,341, and especially pleaded want of consideration for the agreement between it and appellee, and want of authority in the city attorney to make the agreement. On the 13th of December, 1899, replying to this answer, appellee filed his supplemental petition setting up the fact of the reversal of the judgment in causes No. 19,643 and No. 22,909, and that the facts alleged by the defendant in its answer were conclusively established in favor of appellee and against appellant by reason of the judgment in cause No. 25,281; ratification of the agreement between the city of Houston and appellee; and further, "that independently of the said agreement, the city of Houston is liable to plaintiff in the sum of $1500 by reason of the fact that the judgments in causes Nos. 19,643, 24,341 and 22,909 were set aside and vacated in cause No. 25,281 as hereinbefore alleged, and plaintiff's property sold thereunder." This case was tried on the 26th of February, 1901, on which trial the court gave a peremptory charge to the jury to return a verdict for the appellee for the market value of his undivided half interest in lot 1, block 252, on the 11th of January, 1899, together with interest thereon. On which charge the jury returned a verdict in favor of appellee for $1500, with interest at the rate of 6 per cent per annum for two years and one and one-half months, making a total of $1691.25; on which verdict judgment was duly rendered for said amount, from which judgment this appeal is prosecuted.

The judgment in cause No. 25,281 setting aside and canceling the judgments theretofore rendered in favor of appellant foreclosing the tax lien upon appellee's property, as also the judgment vesting title to said property in appellant, being the judgment of a court of competent jurisdiction, and not having been appealed from nor in any way reversed or set aside, is conclusive against the appellant, and the question as to whether said judgments were correctly set aside can not be inquired into in this suit. This principle is so imbedded in our system of jurisprudence as to render the citation of authorities unnecessary. We think it equally well settled that upon the reversal of a judgment the defendant must be placed in the same position he occupied before the judgment was rendered. If he has lost property by reason of such judgment the

property must be returned to him, unless the rights of a third party have intervened, in which event he may recover from the party who obtains the judgment the value of the property so lost. Cleveland v. Tufts, 69 Texas, 584; Peticolas v. Carpenter, 53 Texas, 29; Bank of United States v. Bank of Washington, 6 Pet., 17; Hays v. Griffiths, 85 Ky., 375; McJilton v. Love, 13 Ill., 486.

Under this view of the law it only becomes necessary for us to consider two of the questions raised by appellant's various assignments of error.

The first question is, whether the judgment in cause No. 25,281 is not res adjudicata of appellee's right to recover in this cause. Appellant contends that the judgment in said cause No. 25,281, being against appellee on his claim for damages asserted therein, and the claim for damages asserted by appellee in this suit being essentially connected with the subject matter of the former litigation and therefore a matter which might have been litigated in said former suit, the judgment in said suit is res adjudicata as to such claim.

This contention is not without force, but after a careful consideration of the authorities we are of opinion that it is not sound. It will be seen from the facts before stated that the damages sought, or rather, the claim asserted by appellee against appellant, in cause No. 25,281, was not damages claimed for the loss of his property, but only a claim for the recovery of taxes alleged to have been wrongfully collected from him by the city, and conceding that in said cause appellee might have pleaded in the alternative that in event he failed to recover his property from the defendants in said suit he have judgment against the appellant for the value of same, the fact remains that he did not so plead, and no such claim was asserted by him in said cause. The doctrine of res adjudicata is thus stated by Mr. Justice Field in the case of Cromwell v. Sac County, 94 United States, 351:

"In considering the operation of a judgment it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second suit upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim having passed into judgment can not again be brought into litigation between the parties in proceedings

at law, upon any ground whatever. But where the second action be-tween the same parties is upon a different claim or demand, the judg-ment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus liti-gated and determined. Only upon such matters is the judgment con-clusive in another action."

The distinction here pointed out is clearly recognized in the decisions of our Supreme Court. It is well settled that upon a note secured by a lien suit may be brought and recovery had thereon, and if in such suit no foreclosure of the lien is sought, a second suit may be brought to foreclose the lien. Kempner v. Comer, 73 Texas, 202; McAlpine v. Burnett, 19 Texas, 500; Ball v. Hill, 48 Texas, 634; Lumber Co. v. Hynes, 38 S. W. Rep., 372.

It is believed that in all cases in which the rule is stated to be that a judgment is res adjudicata not only of all matters actually decided, but of all matters which might have been decided in the suit in which said judgment was rendered, the facts will show that the matter held to have been adjudicated by the former suit was one which was put in issue by the pleadings in said suit. We think it is well settled that a judg-ment in a former suit is res adjudicata of the cause of action set up in a second suit only when the pleadings in the former suit put in issue said cause of action. Teal v. Tenell, 48 Texas, 518; Converse v. Davis, 90 Texas, 466; Grossbeck v. Crow, 91 Texas, 77. It follows that the judgment in cause No. 25,281 is not res adjudicata of the claim asserted by appellee in this suit, and the trial court did not err in so holding. We are further of opinion that appellants, not having pleaded that the matter in controversy in this suit was res adjudicata, could not have availed themselves of such defense, even if same had been shown by the evidence.

The only remaining question for our consideration is whether the trial court erred in instructing the jury to return a verdict for the ap-pellee for the value of the property with interest thereon from the 11th day of January, 1899, the day upon which same was sold by appellant to Scanlan. Appellant contends that appellee would only be entitled to recover interest from the date on which he was actually evicted. The evidence fails to show when appellee was put out of possession of his property, but does show, at least by fair implication, that he was in pos-session of the property for several months after the sale to Scanlan. We think the court properly instructed the jury to allow interest from the date of said sale. That was the date on which appellee's right of prop-erty in the land was converted, and appellee was entitled to recover in-terest on the value of the property so converted from the date of the

conversion. The fact that Scanlan may have allowed the appellee to remain in possession of the property for some time after the sale to him would not entitle the appellant to offset the rental value of such occupancy by appellee against the damages due appellee by appellant on account of its wrongful act. Appellant invokes the rule adopted in suits for breach of a warranty of title, which we think is not applicable to suits like the one at bar, but measured by this rule, appellee would be entitled to recover interest for the two years next preceding the date of the filing of this suit, and this would entitle him to recover interest for all of the time allowed by the court, except for one and one-half months, the interest for which time being too small an amount to be considered.

We are of opinion that the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.