### EDWARDS et al. v. DENNINGTON.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1913.)

1. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION — AMOUNT IN CONTROVERSY — AMENDMENT.

Plaintiff sued to cancel his note for $65, secured by a chattel mortgage on property valued at more than $200, and given as a premium for a hail insurance policy, on the ground that it had been obtained by fraud, and, after defendant pleaded a judgment obtained against him on such note for $76, he sought to recover damages in the amount of such judgment. *Held*, that plaintiff's cause of action was to be construed as one for damages to the amount of the judgment, which was within the original jurisdiction of the justice's court, and that, even if the value of the mortgaged property put the original suit beyond the jurisdiction of the justice's court, his reply to the plea was in the nature of an amendment bringing himself within such jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

2. JUDGMENT (§ 713*) — CONCLUSIVENESS — MATTERS CONCLUDED.

Judgment against plaintiff on his note to the amount of $76 was conclusive as against

his right to recover for damages to that extent on the ground of fraud in obtaining the note, since, if he had a cause of action for deceit, it could have been interposed and have availed as a defense in the suit on the note.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. § 713.*]

Appeal from Haskell County Court; A. J. Smith, Judge.

Action by G. E. Dennington against H. H. Edwards and others, with cross-action by defendants. Judgment for plaintiff, and defendants appeal. Reversed and rendered for defendant.

Alexander, Power & Ridgway, of Ft. Worth, for appellants. H. G. McConnell, of Haskell, Gordon B. McGuire, of Dallas, and C. B. Long, of Haskell, for appellee.

SPEER, J. G. E. Dennington brought this suit in the justice court of precinct No. 1, Haskell county, against H. H. Edwards, Hailstorm Underwriters, and L. G. Ocheltree, charging that they had fraudulently obtained from him a certain promissory note dated May 6, 1912, for the sum of $65.40 as a premium for a policy of hailstorm insurance, agreeing that the policy should be guaranteed by a certain company, when in truth a different policy had been delivered to him. He sought the cancellation of the note; but, upon the defendants answering by plea of res adjudicata that a judgment had been obtained against him on such note in the county court of Tarrant county for civil cases, he prayed to be allowed his damages in the amount of such judgment. The case was tried in the justice court and afterward appealed to the county court, where judgment was finally rendered in favor of the plaintiff for $76.40. There was a cross-action pleaded by the defendants, but this was decided against them, and no complaint is made as to this portion of the judgment, though they do appeal from the money judgment in plaintiff's favor.

[1] It is first contended that the justice and county courts were without jurisdiction to determine this suit, since it was alleged by appellants, and supported by appellee's admission in open court, that the note for the cancellation of which the suit was instituted was secured by a chattel mortgage on property of value more than $200. We rule against this contention, however, since we construe appellee's cause of action, as interpreted by his final pleadings, to be one for damages for the fraud in which the measure of his recovery is laid at the amount of the judgment, which was within the orginal jurisdiction of the justice court. So that, if, under the authorities, as indicated in Stricklin v. Arrington & Carter, 141 S. W. 189, the value of the mortgaged property, rather than of the debt secured by it, determines the amount in controversy, and appellee's petition as originally filed was beyond the juris-

diction of the justice court, still he would have the undoubted right to put himself within the jurisdiction by an amendment, which, in effect, he did in reply to appellant's plea of res adjudicata.

[2] The next question presented arises upon the plea of res adjudicata. It appears to be undisputed that suit was instituted in the county court of Tarrant county for civil cases against appellee upon the identical note which he sought in this suit to cancel; that, though he was duly cited, he made default in that suit, and judgment was accordingly entered against him. This we take it to be is conclusive of his rights in this suit. It is a well-established rule that the judgment in a former action upon the same claim or demand concludes the parties as to every matter which was offered and received to defeat the claim or demand, as well also as to every other matter which might have been offered for that purpose. City of Houston v. Walsh, 27 Tex. Civ. App. 121, 66 S. W. 106; Nichols v. Dibrell, 61 Tex. 539; Henderson v. Terry, 62 Tex. 281; Wilson v. Cook, 91 S. W. 236. It cannot be denied that, if appellee had such a cause of action for deceit as would sustain his claim for damages in this suit, the same could have been interposed and would have availed him as a defense in the suit instituted in Tarrant county. Such cause of action and defense were necessarily concluded by that judgment. The trial court before whom this plea was tried should have sustained the same, and, for his error in not doing so, the judgment is reversed, and judgment here rendered for appellants.

Reversed and rendered.