· JACKSON et ux. v. FIRST NAT. BANK.
(No. 2720.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 5, 1927. Rehearing Denied Jan. 26, 1927.)

**I. Trial ⬥➡39—Certified copies of mortgage foreclosure judgment, order of sale, and sheriff's return, to be admissible, need not be filed for three days with notice to adverse party (Rev. St. 1925, arts. 3720, 3726).**

Admissibility of certified copies of judgment foreclosing mortgage, order of sale, and return of sheriff is governed by Rev. St. 1925, art. 3720, relating to certified copies of public records, and not by article 3726, requiring filing among papers of cause for three days, with notice thereof to adverse party.

**2. Trial ⬥➡39—Objection to admission in evidence of original sheriff's deed under mortgage foreclosure sale for failure to file and give notice thereof should be sustained (Rev. St. 1925, art. 3726).**

In suit to restrain defendants from trespassing on and interfering with plaintiff's possession of land, acquired by plaintiff in prior mortgage foreclosure suit against defendants, objection to admission of original sheriff's deed because of failure to file and give notice, required by Rev. St. 1925, art. 3726, should be sustained.

**3. Mortgages ⬥➡554—Judgment foreclosing mortgage, order of sale, and return of sheriff showing sale to plaintiff passed title to plaintiff without deed.**

Judgment foreclosing mortgage, order of sale, and return of sheriff showing sale to plaintiff passed title to plaintiff, and deed from sheriff was not necessary.

**4. Appeal and error ⬥➡1047(I)—Admission of original sheriff's deed under mortgage foreclosure sale, not complying with statutory requirements as to filing and notice, held harmless error (Rev. St. 1925, art. 3726).**

In suit to restrain defendants from trespassing on and interfering with plaintiff's possession of land acquired under mortgage foreclosure, admission in evidence of original sher-

iff's deed, without filing it or giving notice thereof to defendant, as required by Rev. St. 1925, art. 3726, held harmless error, plaintiff having acquired title without deed.

**5. Appeal and error ⬥➡909(I)—In absence of proof of contents of petition, allegations thereof must be presumed by reviewing court to support judgment.**

In absence of proof of contents of petition in former mortgage foreclosure suit between same parties, allegations thereof must be presumed by reviewing court to support trial court's judgment.

**6. Judgment ⬥➡713(2)—Party failing to assert claims to property in mortgage foreclosure suit held estopped to assert claims in subsequent suit between same parties.**

It was duty of party to mortgage foreclosure suit, claiming interest in property, to appear and defend, and, having failed to do so, and judgment of foreclosure having been entered, she was estopped to assert any interest in property in subsequent suit between same parties.

**7. Judgment ⬥➡713(2)—Party cannot relitigate matters which he might have litigated in prior action.**

Party cannot relitigate matters which he might have litigated, but failed to do, in prior action against same parties or their privies and in reference to same subject-matter.

**8. Venue ⬥➡5(3)—Suit to restrain trespass on and interference with possession of land must be brought in county where land lies (Rev. St. 1925, art. 1995, subd. 14).**

Under Rev. St. 1925, art. 1995, subd. 14, suit, by purchaser at mortgage foreclosure sale, to restrain defendants therein from trespassing on and interfering with his possession of land, being a suit for possession of the land and to restrain waste thereon, must be brought in county in which land lies.

**9. Venue ⬥➡17—Statutory requirement, that suits involving realty be brought in county where land lies, is not jurisdictional, but may be waived (Rev. St. 1925, art. 1995, subd. 14).**

Requirement of Rev. St. 1925, art. 1995, subd. 14, that suits involving land must be brought in county in which land lies, is not jurisdictional, but may be waived.

**I0. Venue ⬥➡17—Failure to present plea in abatement, on ground suit was not brought in proper county, waived such objection (Rev. St. 1925, art. 1995, subd. 14).**

Where defendant's plea in abatement on ground that suit to restrain trespass on and interference with plaintiff's possession of land was not brought in county where land is located, as required by Rev. St. 1925, art. 1995, subd. 14, was not presented to trial court, privilege of having suit tried in such county was waived.

Appeal from District Court, Oldham County; Reese Tatum, Judge.

Suit by the First National Bank against H. M. Jackson and his wife. Decree for plaintiff, and defendants appeal. Affirmed.

---

· ⬥➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Will S. Payne, of Dallas, for appellants.

Madden, Atkins & Pipkin and Harris M. Kimbrough, all of Amarillo, for appellee.

RANDOLPH, J. This suit was filed by appellee as plaintiff against H. M. Jackson and his wife, Pearle Jackson, as defendants. Judgment was rendered by the trial court for the bank, and the defendants have appealed to this court.

The plaintiff in its petition alleges substantially that on the 25th day of April, 1924, in the district court of Potter county, Tex., in cause No. 3924, then pending in said district court of Potter county, Tex., wherein plaintiff herein was plaintiff, and the defendants herein, with others, were defendants, plaintiff recovered a money judgment against the defendant H. M. Jackson, approximating $14,894.90, with all costs, and for a foreclosure against all of the defendants in said suit of a deed of trust lien on the land in controversy herein; further alleging issuance and levy of order of sale, which order of sale named all the defendants in that suit and ordered the sale of said land in satisfaction of such judgment, and that such sale should extinguish the rights of all of said defendants; return of the sheriff of Deaf Smith county showing sale of the land to the plaintiff in that case; and further alleging the issuance and delivery to it by such sheriff of a deed conveying said land to it under and by virtue of said order of sale and sale; and, also, said petition alleges continuous, repeated trespasses upon the land by defendants; and, further, that the defendant H. M. Jackson had recently filed his petition in bankruptcy with the referee in bankruptcy.

Defendant's answer contains a plea in abatement and special answer to the merits and other matters not here necessary to state.

The record discloses that the plaintiff brought suit in the district court of Potter county upon a note given by the defendant H. M. Jackson to it; that Mrs. Pearle Jackson and others were made parties defendant along with H. M. Jackson in said suit; that in said suit the plaintiff recovered a money judgment against H. M. Jackson, and a judgment of foreclosure of a trust deed lien against him, Mrs. Jackson, and the other defendants in that cause, and also shows acts of trespass by H. M. Jackson in the gathering of the one-fourth crop rental.

There is no proposition or assignment presented in appellant's brief which brings in question plaintiff's right to maintain the suit for injunction because of adequate relief afforded it by law. However, the defendant does present a plea in abatement which sets up the residence of the defendants in Oldham county, and that the land to be affected by the judgment is situated in Deaf Smith county, and that the district court of Oldham county would not have jurisdiction of the suit, for the reason that same should have been brought in the county where the land was situated. This plea was not verified.

[1] Error is assigned by appellant upon the court's action in permitting the introduction of certified copies of the judgment, order of sale, and return of the sheriff thereon, over objection of the defendant that same had not been filed among the papers of the cause for three days and notice thereof served upon appellants or their counsel.

These instruments do not come within the purview of article 372e of the Revised Civil Statutes 1925, but do come under the provisions of article 3720, relating to certified copies of public records.

[2-4] We are of the opinion that the objection to the original of the deed from the sheriff of Deaf Smith county should have been sustained because of the failure of the plaintiff to file same and give the notice required by article 3726, but the introduction of this deed in evidence did not change the status of the ownership of the land. The introduction of the deed was not necessary to establish the title in the plaintiff. The judgment, order of sale, and return of the sheriff, showing the sale to the plaintiff, had already passed the title to plaintiff, and a deed was not necessary to effectuate that. Rosenthal & Desberger v. Mounts (Tex. Civ. App.) 130 S. W. 192; Donnebaum v. Tinsley, 54 Tex. 362; Reeder v. Eidson (Tex. Civ. App.) 102 S. W. 750. Hence the introduction in evidence of the deed was harmless error, and we overrule this assignment.

The defendant Mrs. Pearle Jackson assigns as error the action of the trial court in refusing to permit her to introduce evidence of ownership of one-fourth of the land in her own separate right, and in refusing to permit her to introduce proof that one-fourth of said land was purchased with money derived from her separate estate. Mrs. Jackson was made a party to the Potter county suit, and, as stated, the plaintiff recovered a money judgment against the defendant H. M. Jackson, and was decreed a foreclosure of the trust deed lien securing the payment of same against all of the parties, including Mrs. Jackson. Mrs. Jackson does not, in any manner, attack the judgment in the Potter county case, except to insist that as no money judgment was rendered against her, such judgment does not estop her from asserting her right and title to one-fourth of the land in this suit.

[5] In the absence of proof of the contents of the petition in the Potter county suit, we must presume that the allegations therein contained support the judgment as rendered by the trial court.

[6] The judgment rendered in the Potter county case shows that Mrs. Jackson's rights were involved, and it was her duty to have appeared in that suit and to have presented her defenses to the plaintiff's action to foreclose its lien, including the alleged ownership

by her of the one-fourth interest therein. Not having done so, she is estopped from presenting them in this case.

[7] "A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action against the same parties, or their privies, in reference to the same subject-matter. And if one of the parties fails to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. * * * If a party fails to plead a fact he might have pleaded, or makes a mistake in the progress of the action, or fails to prove a fact he might have proved, the law can afford him no relief." Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 100, 47 Am. St. Rep. 79. See, also, Nichols v. Dibrell, 61 Tex. 539; Edwards v. Dennington (Tex. Civ. App.) 161 S. W. 929; Peden Iron & Steel Co. v. El Campo Rice Milling Co. (Tex. Civ. App.) 251 S. W. 543.

As stated above, by special plea, not sworn to, the defendant raises a question that this being a suit involving land, it should have been brought in Deaf Smith county, where the land is located, and not in the county of the defendants' residence.

An answer setting up, as grounds for abatement of the suit, that the suit was not commenced in the proper county must be verified unless the proof of the pleading appears of record. Article 2010, Revised Civil Statutes 1925. While this plea was not verified, it is proved by the allegations of the plaintiff's petition. The petition alleges the residence of defendants to be in Oldham county, Tex., and that the land in controversy is situated in Deaf Smith county, Tex. Plaintiff further pleads that, under and by virtue of the judgment in the Potter county suit, and the sale thereunder, it became the owner of the land in controversy and was placed in possession of the same by the sheriff; and further that:

"The defendants H. M. Jackson and Pearle Jackson, and each of them are now committing and have been committing, at all dates material to any of the matters herein alleged, trespasses upon said land; that they, and each of them, as naked trespassers, have gone upon said lands, torn down and removed therefrom improvements of a permanent nature, including approximately one mile of posts and wire fence, and sheds and outhouses of the approximate value of $500, and as such trespassers they have gone upon said lands and are now going upon the same and removing therefrom spring crops that are being harvested, and have removed some $300 of crops, and are threatening to remove other crops now growing upon a part of the land as quickly as the same are harvested, and are threatening to destroy, take, and remove from said lands improvements now erected on same. All of which threats they will execute, if plaintiff is not granted the relief sought herein."

Plaintiff further alleges:

"That the damage and injury complained of is a damage and injury to the freehold estate in said land, and the injury and trespass now threatened and planned and intended by the defendants, and which will be committed unless the plaintiff is granted the relief herein sought, will prove an injury and damage of the same character."

[8] Plaintiff does not seek any money judgment, but asks for a writ of injunction to restrain defendants from further trespassing on said land and from interfering with plaintiff's possession.

It will be seen from the above that this suit is brought for possession of the land and to restrain waste thereon. Consequently, the trust of defendants' plea is apparent from the record.

There is no charge in the plaintiff's pleading that any trespass or waste occurred in Oldham county to give venue in that county.

Article 1995, subdivision 14, Revised Civil Statutes 1925, provides:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The article of the statute quoted above clearly provides for the bringing of suits of the character of the one herein disclosed by plaintiff's petition in the county in which the land lies. Russell v. Texas & P. R. Co., 68 Tex. 646, 5 S. W. 686; State v. Stone Cattle Co., 66 Tex. 367, 17 S. W. 735; Palmer v. Jaggaers (Tex. Civ. App.) 180 S. W. 907; Evans v. Hudson (Tex. Civ. App.) 216 S. W. 491, 493.

[9, 10] But this requirement has been held not to be a matter that affects the jurisdiction of the district courts over the subject-matter, and such requirement may be waived. De La Vega v. League, 64 Tex. 205; Morris v. Runnells, 12 Tex. 175; Houston Oil Co. v. Bayne (Tex. Civ. App.) 141 S. W. 544; Bonner v. Hearne, 75 Tex. 241, 251, 12 S. W. 38. This being the rule, we hold that the defendant Mrs. Jackson waived the privilege of having the suit filed in the county where the land is located, for the reason that it does not appear from the record that such "plea in abatement" was ever presented to the trial court for its action therein, and that it was never acted on by the trial court.

The original opinion is withdrawn.

We therefore grant the motion for rehearing, and set aside the order heretofore entered reversing the judgment of the trial court, and hereby affirm such judgment.