GREEN v. NOAH.
No. 3347.

Court of Civil Appeals of Texas. Amarillo.
Jan. 22, 1930.

Rehearing Denied Feb. 26, 1930.

Lockhart, Garrard & Brown, of Lubbock, for plaintiff in error.

Rob't. A. Sowder, of Lubbock, for defendant in error.

JACKSON, J.

This suit was instituted in the district court of Lubbock county, Tex., by the plaintiff, J. I. Noah, against the defendant, N. L. Green, to recover $1,075 principal, with interest and attorney's fees thereon, evidenced by vendor's lien notes given as a part of the consideration for certain lands fully described in plaintiff's petition.

Plaintiff alleges: That on March 20, 1923, he sold and conveyed to J. D. Slaughter and George E. Benson by deed the two separate tracts of land described, in which deed he retained a separate vendor's lien against each tract of land conveyed to secure the payment of a series of ten notes, each note for the sum of $250, and each note bearing interest at the rate of eight per cent. per annum, with all past-due interest bearing interest at the rate of ten per cent. per annum from its due date. That the first note of each series was due and payable at Lubbock, Tex., on November 15, 1923, and one note of each series was due and payable on November 15th of each year thereafter until all of said notes were paid and satisfied. That each note stipulates that default in the payment of the principal or any installment of interest on any one of said notes when due shall, at the election of the holder of said series of notes or any one of them, mature all of such series unpaid, and that such unpaid notes shall become due and payable and the vendor's lien subject to foreclosure at the holder's election. That, if such notes are placed in the hands of an attorney for collection, or, if collected by suit or

through the probate court, that ten per cent. additional on the principal and interest shall be added as attorney's fees. That after the conveyance by him to J. D. Slaughter and George E. Benson, J. D. Slaughter conveyed all of his interest in said lands to George E. Benson. That thereafter, on September 26, 1925, George E. Benson conveyed said lands to the defendant N. L. Green, who assumed and promised to pay thirteen of said $250 notes, which was all of said two series of notes remaining unpaid. That the plaintiff sold and conveyed to the Federal Land Bank of Houston, Tex., notes Nos. 5, 6, 7, and a $212.50 interest in note No. 8 of each series of said notes. That, by said assignment and transfer, the lien securing the Land Bank in the money it advanced, $2,045, for the notes purchased by it, was superior to the liens held and retained by plaintiff to secure the balance of $37.50 on note No. 8 of each series and all of notes Nos. 9 and 10 of each series. That the defendant had paid the interest on the notes owned by plaintiff on November 15, 1926, but had failed and refused to pay the interest due on said notes on November 15, 1927, and on November 15, 1928, respectively. That, by reason of the default and failure of the defendant to pay the annual interest due in 1927 and the annual interest due in 1928, the plaintiff had elected to mature the notes held by him, and on January 21, 1929, declared all of his said notes due, and placed them in the hands of an attorney for collection, and agreed and promised to pay said attorney the sum of ten per cent. attorney's fees provided for in said notes, which amount was reasonable. The plaintiff asks for judgment on the notes, principal, interest, and attorney's fees and a foreclosure of his liens on the lands.

The defendant answered by general demurrer, general denial, and pleaded specially: That plaintiff had no legal or equitable grounds authorizing him to exercise his option and declare said notes due, because the notes of each series held by plaintiff were due on November 15, 1930, 1931, and 1932, respectively. That in the early part of the year 1927 he obtained a loan from the Federal Land Bank of Houston, Tex., for the sum of $2,045, with which the plaintiff was paid $1,925 on the principal and $120 on the interest on the notes of the two series transferred by plaintiff to the Federal Land Bank, as alleged by plaintiff. That, at the time of closing the said loan with the bank and the payment to the plaintiff of said $2,045, the defendant paid all of the interest that was due on said notes to that date, a part of which was represented by a note for $139.43, executed by the defendant and payable to plaintiff on November 15, 1927. That on November 15, 1927, he paid the plaintiff said note for $139.43 and all interest due to that time, and.

by mistake in the calculation of the amount of interest due, he paid plaintiff an additional amount of $58 or an additional amount of $15, for one of which sums he was entitled to credit on the interest due November 15, 1928. That he was never notified, except by suit, of the interest due on November 15, 1928. That he had never refused to pay said interest, but had offered to do so, and in his pleadings offered to pay whatever balance was due plaintiff as interest on the notes held by him which accrued November 15, 1928. That, by reason of these facts, the plaintiff's suit was prematurely brought and without legal or equitable grounds to foreclose his liens and collect principal, interest, and attorney's fees from the defendant.

The plaintiff, by supplemental petition, in reply to the defendant's answer, pleaded general denial, and alleged: That the defendant knew that the interest on the notes held by plaintiff was due November 15, 1928, and knew the amount thereof, and that the plaintiff, prior to the 1st of December, 1928, notified the defendant, both orally and in writing, that the interest on his notes was past due and demanded payment thereof, and also notified the defendant that, in the event he failed to pay the interest, plaintiff would exercise his option and declare all of said notes due. That, notwithstanding said notices, the defendant failed and refused to pay said interest, and the plaintiff elected to exercise his option and declare said notes due, placed them in the hands of an attorney, and had suit instituted thereon for collection of said notes and a foreclosure of his liens.

The case was submitted to the court without the intervention of a jury, and judgment rendered in favor of plaintiff for the sum of $1,075 principal, $136.27 interest, and $118 attorney's fees, aggregating the sum of $1,329.27, with interest thereon at the rate of eight per cent. per annum from the date of the judgment until paid, and also for a foreclosure of plaintiff's liens and sale of the lands to satisfy said judgment.

The plaintiff in error, hereinafter called appellant, by writ of error, prosecutes this appeal.

The appellant assigns as error the action of the trial court in rendering judgment against him for the debt and foreclosure of the liens, because the uncontroverted evidence shows that the notes sued on were not due when the suit was filed, that he had paid and tendered payment of the interest due on said notes prior to the time appellee declared said notes due, and appellee was without right, either legal or equitable, to exercise his option and declare said notes due and exact from the appellant the principal of said notes and the attorney's fees provided for therein.

The record shows without controversy that the appellee had conveyed the lands, retained liens in the deed to secure the payment of the notes sued on by him, and that the appellant had assumed the payment thereof, all as alleged by appellee. The court found, in his judgment, that appellee was the owner and holder of the notes sued on, the principal of which aggregated $1,075, that, after the failure and refusal of the appellant to pay the interest accruing November 15, 1928, on said notes, the appellee declared said notes due, placed them with an attorney for collection, and that ten per cent. of the amount as provided for in the notes was a reasonable attorney's fee. The testimony is sufficient, in our opinion, to warrant the findings of the court. The testimony is sufficient to authorize the conclusion: That appellant was notified by appellee that the annual interest on said notes had matured November 15, 1928, was therefore past due, and demanded payment thereof. That he was also advised that, in the event he failed to pay said interest, appellee would mature all of said notes for default, according to the terms thereof. That appellant failed to pay said interest or offer to pay same until after the appellee had exercised his option, declared the notes due, and placed them in the hands of an attorney for collection. Under appellant's pleadings and his testimony, he makes no contention that he had paid all the interest maturing on November 15, 1928, and the record is sufficient to warrant a finding that he made no tender of the interest or any part thereof until after the appellee had matured the notes, placed them in the hands of an attorney, and incurred the obligation of paying attorney's fees.

It is settled law in this state that, in a case tried to the court without the intervention of a jury, the appellate court will take the view of the evidence most favorable to the prevailing party. Herndon et al. v. Williams (Tex. Civ. App.) 233 S. W. 544, 545; Anderson et al. v. Smith (Tex. Civ. App.) 231 S. W. 142.

The appellant challenges as error the action of the trial court in allowing the appellee to recover eight per cent. interest on the attorney's fees.

This contention we think is sound. Stanton v. Security Bank & Trust Co. et al. (Tex. Com. App.) 244 S. W. 593. However, this is not such an error as requires a reversal of the judgment. The appellant filed no motion for a new trial, and, so far as the record discloses, in no way called the attention of the trial court to this error. The court allowed the sum of $118 attorney's fees. This would allow the appellee to collect, if the judgment runs a year before payment, two per cent. on $118, or $2.36 more than he was entitled to, and this amount of excess is too insignificant to require a reversal of the judgment. City of Houston v. Walsh, 27 Tex. Civ. App. 121, 66 S. W. 106.

■ "As revealed by this record, this question was not called to the attention of the trial court by exception, motion for new trial, or in any other manner; hence no opportunity was given for a correction of the judgment, and, under these conditions, it is our opinion that the costs of the appeal should be taxed against the appellant. Merryman et al. v. First Nat. Bank of Terrell (Tex. Civ. App.) 288 S. W. 840; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Converse et al. v. Langshaw, 81 Tex. 275, 16 S. W. 1031." Douglas et al. v. Smith et al. (Tex. Civ. App.) 297 S. W. 767, 768.

The judgment of the trial court is here reformed so that the $118 attorney's fees allowed by the court shall bear interest at the rate of six per cent. per annum from the date of the judgment until paid, instead of eight per cent. per annum, and, as so reformed, the judgment is in all other respects affirmed.