### JOYNES v. JONES FINE BREAD CO.
### No. 2281.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1941.

Travis McCown and Stansell Bryan, both of Waco, for appellant.

Tom P. Scott, of Waco, for appellee.

TIREY, Justice.

Plaintiff C. W. Joynes brought this suit to recover damages for injuries which he claimed his wife, Leta Joynes, suffered from eating bread manufactured by the defendant Jones Fine Bread Company. The case was tried by the court without a jury, and from an adverse judgment the plaintiff has appealed.

At the request of plaintiff, the court prepared and filed findings of fact and conclusions of law. The court's findings of fact were substantially as follows: (a) That the loaf of bread in question was manufactured by defendant and sealed in a wrapper before delivery to the retail grocer; (b) that plaintiff's wife purchased the loaf of bread and carried it home and ate a portion thereof, and after eating same, she noticed something in the remaining portion of the loaf which appeared discolored; that she ate other foods at the same time she ate the bread, and became nauseated some six hours after eating; (c) that the defendant was not negligent in the manufacture, inspection and marketing of the bread, and was not negligent in the respects alleged in plaintiff's petition; (d) that the illness of Leta Joynes was not caused by the condition of the bread, and that such illness was not proximately caused by the negligence of the defendant or its agents. The court concluded as a matter of law, substantially, that there was no sufficient competent evidence that the bread in question was unwholesome so as to be unfit for human consumption; that plaintiff failed to discharge the burden of proving by a preponderance of the evidence that the eating of the bread resulted or proximately resulted in the illness of Leta Joynes; and that defendant was in nowise liable to plaintiff for any damages sustained by reason of the facts alleged in his petition.

 Appellant, in his brief, does not directly challenge any of the findings made by the trial court, but merely assails the entry of the judgment on the ground that the evidence made out a prima facie case

of negligence and that there was sufficient evidence to support a judgment for damages in favor of plaintiff. Notwithstanding the assignments of error made by the plaintiff are general, we have considered each of them, and have very carefully reviewed the statement of facts, and in our opinion, the evidence adduced is ample to support the findings made by the trial court and the judgment entered thereon. In a case tried to the court without the intervention of a jury, the appellate court will take the view of the evidence most favorable to the prevailing party. Anderson v. Smith, Tex.Civ.App., 231 S.W. 142, writ refused; Green v. Noah, Tex.Civ.App., 24 S.W.2d 1113, point 1, page 1115.

We have carefully considered all assignments of error and each of them is overruled.

The judgment of the trial court is affirmed.