## BORGER TOWNSITE CO. v. HUTCHINSON COUNTY et al.

### No. 3527.

Court of Civil Appeals of Texas. Amarillo.

Jan. 7, 1931.

Rehearing Denied Feb. 4, 1931.

John R. Miller, of Borger, and T. B. Ridgell, of Breckenridge, for appellant.

Jos. H. Aynesworth and Hiram K. Aynesworth, both of Stinnett, and Henry D. Meyers, of Borger, for appellees.

RANDOLPH, J.

Hutchinson county brought this suit as plaintiff against Borger Townsite Company, J. T. Peyton, individually, W. T. Malone, John R. Miller, and A. P. Borger, and the city of Borger, a municipal corporation, all of Hutchinson county, Texas. On trial before a jury, the court instructed the jury to return a verdict against the plaintiff and in favor of the defendants J. T. Peyton, John R. Miller, A. P. Borger, and W. T. Malone, individually, and the city of Borger, and in favor of plaintiff against the defendant Borger Townsite Company, for the title and possession of all the east portion of lots 11, 12, 13, 14, 15, and 16 in block 28 in the city of Borger, according to the recorded map and plat thereof, and being the east 30 feet of each of said lots. The jury returned their verdict as instructed, and upon said verdict the court rendered his judgment in favor of the plaintiff for the half of the lots described against the defendant Borger Townsite Company. From such judgment this appeal has been taken.

The plaintiff's petition contains three counts. The first count being a formal action of trespass to try title. The second count alleged, in the alternative, the origin and growth of the city of Borger, which was fostered and developed by defendants Miller, Borger, and Peyton; said Borger being the owner thereof and Miller and Peyton being his assistants and agents. Further alleging the organization and incorporation of Borger Townsite County, which took over the property rights to the land owned by said Borger within the limits of said town of Borger; alleging also the necessity for the erection and maintenance of a public hospital. That it was to the interest of the townsite company, its officers and owners, to procure the erection and building of such hospital, in that said townsite company, in order to have the same built and operated, offered to give and did give for a nominal consideration, which was not intended to be paid, all of the above described lots, lands, and premises, for the public and beneficial purposes of having erected thereon a suitable hospital. "That it did make and caused to be made a suitable, proper and valid deed in fee simple to the surface of said lots and that it did deliver and caused to be delivered the said deed aforesaid and the same was delivered by the officials, agents and servants of said Borger Townsite Company, to the County Judge of Hutchinson County, Texas, who accepted the same for the plaintiff herein."

The plaintiff in said second count alleges the receiving and acceptance by it of the townsite's proposition for the conveyance of said lots and the possession thereof was thereupon delivered to it and it entered on said lots, and, in pursuance of its obligation, built said hospital and has maintained same; that same was constructed at a cost of $14,500, and also fully describing same. Further, that the plaintiff relied in good faith upon the representations of said Borger Townsite Company, its officers and agents, that it should have the title thereto to the surface without consideration other than the building of said hospital; that said townsite company, in pursuance to said agreement to execute and deliver the said deed aforesaid, did cause the same to be executed and delivered to the plaintiff, and same was accepted by the officers and agents of the plaintiff. That thereafter the defendant obtained possession of the deed, claiming that it desired to see and examine the deed for some purpose, the exact nature of which purpose is unknown to the plaintiff, but plaintiff alleges that, while possession thereof was delivered to the defendant, it was only temporary and not for the purpose of surrendering the title or possession thereof to the defendant or in any manner disparaging its own title.

The plaintiff in said second count also pleads that, if it be mistaken as to the facts alleged, and if it be mistaken in that there is a balance due for any part of the purchase money, which is not admitted, but is denied, yet, if the court should determine upon hearing hereof that there is any sum due the defendant, then plaintiff is solvent and ready, able, and willing to pay all sums of money that may be judicially determined to be due, and it now offers to do equity and alleges its willingness to tender into the registry of this court such sum as may be adjudged due, if any, to the defendant Borger Townsite Company.

It is not necessary to discuss the third count of the petition, as the matters presented are immaterial to the questions we shall hereafter discuss. Neither is it necessary to discuss the answer of the defendant townsite company at length.

█ The defendant assigns as error the action of the trial court in permitting certain witnesses to testify that a deed to the property in controversy was turned over to the county judge of Hutchinson county and to prove by them the contents of said deed, said deed being the best evidence of its existence and contents, and no notice having been shown to produce said deed.

In the case of Reliance Lumber Co. v. Western Union Telegraph Co., 58 Tex. 394, 398, 44 Am. Rep. 620, Judge West for the Supreme Court of Texas holds:

"The evidence offered as to the contents of the telegrams, which were set out in the pleadings, and made the basis of the plaintiffs' right to recover, was excluded by the court because it was secondary in its character, and no notice to produce the original telegrams had been given. Undoubtedly the best evidence of the contents of a written instrument consists in the actual production of the instrument itself, and the general rule is, that secondary evidence of its contents cannot be admitted until the non-production of the original has been satisfactorily accounted for. 1 Starkie on Evidence, Marg. pp. 368, 369. Also, as a general rule, notice to produce must to be given to the party having the written instrument in his possession, before secondary evidence can be resorted to. There are, however, well recognized exceptions to this rule, and notice to produce is always dispensed with, and secondary evidence allowed, when, from the very nature and character of the suit, the party must know that he is charged with the possession of the instrument. 1 Starkie on Evidence, Marg. p. 403. In such a case, the reason for giving notice and the necessity for giving it cease. In this case the suit is based on two telegrams alleged by the pleadings to have been placed in the possession of the defendant by the witness Watson; their non-delivery in accordance with their contract to deliver is made the foundation of the suit. Their whole cause of action is bot-

tomed upon the fact that the two written instruments under consideration passed into the possession of defendant under a contract on their part to transmit the contents to plaintiffs, and that they, contrary to their contract, kept the written instruments in their possession, and in violation of their duty withheld their contents from the plaintiffs.

"In the last edition of his work on evidence, Mr. Wharton says: 'Notice to produce is not necessary in respect to a document described in the pleadings as that on which the suit is brought; nor when, from any reason connected with the form of the suit, the party is bound to know that he is charged with the possession of the document, and will be required to bring it in court.'"

This rule was followed by the San Antonio Court of Civil Appeals in the case of City of San Antonio v. Grayburg Oil Co., 259 S. W. 985.

As the plaintiff's pleadings gave notice of the assertion of its right to recover as being based upon the instrument in controversy, and it was also alleged and proved that the deed was in the hands of the defendant townsite company, evidence to establish its existence and contents was admissible without notice to produce the original instrument.

The county judge, to whom the alleged delivery was made, testified: "When this instrument was given to me, it was given to me by Mr. Peyton. When Mr. Peyton came to me, he told me to hold the deed until Mr. Borger got back, he wanted to take it up with him. I think he said he wanted to see it. He said something about not recording it, just hold the deed until Mr. Borger got back. He said what he wanted to see Mr. Borger about. I think he said he wanted to see whether he confirmed it, or not. * * * At the time this instrument was given me, I stated that it was with the understanding that I was to keep it until Mr. Borger returned to see if it met with his approval."

■ It appears from the record that the deed was a complete conveyance without any conditions contained in it. In other words, the deed was a legal conveyance of the property in controversy in form. The question then is, Is parol evidence admissible to limit or vary the effect of said deed? The delivery of the deed was made to the county judge of Hutchinson county, a duly authorized agent of the plaintiff. To hold that the evidence is admissible to vary the operation and effect of this deed would be to destroy its effect as a conveyance. This the law does not permit.

4 Thompson on Real Property, 1021, lays down the rule to be: "A delivery of a deed, to operate as an escrow, must be made to a stranger and not to the grantee. If the delivery be to the party to whom it is made, though upon the express condition, not appearing upon the face of the deed, that it is to take effect only upon certain conditions, whatever may be the form of the words, the delivery is absolute and the deed takes effect immediately. If the deed was delivered to the grantee by the grantor, or with his consent, it is not permissible for him to show that the delivery was not absolute, that it was conditional or qualified."

■ "A delivery to grantee's agent is in law a delivery to the grantee, if the agent has authority to receive the deed; and therefore, if a deed be delivered to such agent as a present deed, although the delivery be accompanied by verbal stipulations that the instrument should not operate as a deed unless certain conditions should be first performed, the verbal stipulations in respect to its operations after delivery will amount to nothing." 4 Thompson on Real Property, 1023, § 3242.

Like rules are laid down in 1 Devlin on Real Estate, 583, §§ 314, 316; 21 C. J. 874, § 19.

In the case of Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097, Judge Phillips says: "It may be shown by parol testimony that an ordinary written instrument was executed under an agreement that it was not to become effective except upon certain conditions. * * * But that principle has never been recognized by this court as applicable to a deed to land, or a deed of trust affecting the land, where the delivery of the instrument was made to the grantee, and not to a third person. It has, upon the contrary, been distinctly held that a deed or deed of trust cannot be an escrow where it is delivered to the grantee in the instrument."

We are therefore of the opinion that the trial court did not err in instructing the jury as he did and in rendering judgment for the plaintiff.

The trial court's judgment is therefore affirmed.