**CESSAC v. LEGER et al.**

No. 4530.

Court of Civil Appeals of Texas.
Beaumont.

Oct. 7, 1948.

Rehearing Denied Nov. 12, 1948.

W. O. Bowers, Jr., of Beaumont, for appellant.

D. L. Broadus, of Beaumont, for appellees.

COE, Chief Justice.

This is an appeal from a judgment of the District Court of Jefferson County awarding appellee Cleveland Leger damages in the sum of $1550.00 and appellee Simon Leger damages in the sum of $1210.00 for the alleged breach of a verbal contract of employment by the terms of which appellant Dupree J. Cessac employed appellees to grow a rice crop for him on land known as the O'Shaughnessy farm in Jefferson County, Texas, for the year 1947. The case was tried to a jury and on the verdict of the jury, judgment was entered for appellees as above stated.

Appellees allege that on or about August 20, 1946 they entered into a verbal contract with appellant to move upon his farm and occupy a dwelling house thereon and work the land and grow a rice crop in 1947, and that he agreed to provide them a milk cow and to pay Cleveland Leger $45.00 per month and to give him the yield of rice from 15 acres of land free and clear of all costs of growing and harvesting the same; that is, the number of barrels of rice which 15 acres produced by taking the average yield of the entire crop per acre and to pay Simon Leger $30.00 per month and give him the yield of rice from 10 acres of said land to be determined as above; that appellees moved upon the farm about the 27th or 28th day of August, 1946, and by January 1, 1947 had prepared 275 acres of said land for planting and received their monthly payments to February 1, 1947 when appellant sold his farm and terminated their employment, and compelled them to vacate the premises and deliver the same up to the new owner; that had appellant carried out his agreement a rice crop would have been produced and harvested of an average yield of 12 barrels per acre, and that Cleveland Leger would have received 180 barrels of rice of the value of $1800.00, would have had the dwelling house of rental value of $30.00 per month for 7 months or $210.00, the milk from the cow of a reasonable value of $5.00 per month or $35.00, monthly subsistence of $45.00 for 7 months or $315.00 and garden vegetables which they would have grown of reasonable worth $100.00, total damages in the sum of $2,460.00. Simon Leger would have received 120 barrels of rice of the value of $1200.00, would have had the dwelling house of rental value of $30.00 for 7 months or $210.00, the milk from the cow for the reasonable value of $5.00 per month or $35.00, monthly subsistence of $30.00 per month for 7 months or $210.00 and garden vegetables which he would have grown reasonably worth $100.-00, total damages in the sum of $1775.00.

Appellant answered by special exception in bar of appellees right to recover a final judgment obtained by him in a forcible detainer suit against the appellees on February 28, 1947 in the Justice Court of Precinct 5 of Jefferson County, for the right of possession of said premises which were in said precinct; general denial and special plea that under and by virtue of said Justice Court, judgment in the forcible detainer suit, the act of appellant in compelling appellees to leave said premises would have been lawful and no actionable injury could thereby accrue to appellees; that appellee having failed to appeal from said judgment and voluntarily gave up possession; that said judgment is res judicata of the right of possession and a bar to any actionable injury resulting from the judgment or dispossession of the land.

In answer to the special issues submitted to the Court the jury found that during the latter part of August, 1946, appellant Dupree J. Cessac employed the appellees, Simon Leger and Cleveland Leger, to grow rice for him on the O'Shaughnessy farm; that neither party had a right to terminate the contract of employment at the end of any month; that under the terms of said contract appellees were employed for a term of one year from the date of such agreement; that under such agreement appellee Cleveland Leger was to receive as part of the compensation for his services,

the yield from 15 acres of rice based on the average yield per acre of the entire crop to be delivered to him free and clear of all costs and expenses in the warehouse; that appellee Simon Leger was to receive the yield from 10 acres of rice as his part of the compensation under the same conditions as applied to Cleveland Leger; that the appellant Dupree J. Cessac breached his agreement with appellees about the first day of February, 1947 by selling the farm and discharging the appellees; that had the appellees been permitted to work the land on the O'Shaughnessy farm in 1947 the average yield of rice per acre would have been 10 barrels; that the average price of early Patna rice (the kind of rice appellees alleged that they would have planted was $10.00 per barrel); that appellant Dupree J. Cessac agreed to pay appellee Simon Leger the sum of $30.00 per month until the last of August, 1947; that appellant failed to pay such $30.00 per month from February 1st to August 31st, 1947, inclusive; that appellant agreed to pay appellee Cleveland Leger $45.00 per month until the last of August, 1947; that he had failed to make such payments from February 1st to August 31st, 1947, inclusive. It will be noted that appellees' claim for damages for the loss of the use of the house, the cow and garden was not submitted to the jury. Appellees evidently abandoned their claim for damages with reference to these matters because of the judgment in the Justice Court in the forcible detainer suit.

Appellees' evidence was sufficient to show that in August, 1946 the appellant was the owner of the O'Shaughnessy farm in Jefferson County, Texas, which consisted of approximately 476 acres of land suitable for the cultivation of rice; that appellant desired to grow a 1947 rice crop thereon; that about August 20, 1946 appellant entered into a verbal contract with appellees and a boy by the name of Merick Castile, whereby the appellees and the said Castile were to move upon appellant's farm, take care of his cattle and other livestock and appellant was to pay each of said parties a monthly salary agreed upon so they could live and subsist and appellant was to bear all expenses for growing and harvesting

the rice crop, and when the rice crop was harvested each of said employees was to receive the yield on a certain number of acres of rice free and clear of all costs of growing and harvesting; that appellees and said Castile immediately moved upon appellant's farm and occupied one of the houses located on the farm, and began preparing the farm generally for raising a rice crop thereon for the year 1947, including the plowing of the land, repairing fences, etc., and by the latter part of October had plowed some 246 acres of land.

The agreement under which appellees moved upon the farm was to the effect that appellant was to pay appellee Cleveland Leger the sum of $30.00 per month and 15 acres of rice; Simon Leger $20.00 per month and 10 acres of rice and Merick Castile the sum of $20.00 per month and 10 acres of rice. About October 1, 1946 Merick Castile withdrew from the arrangement and at that time appellant agreed to increase the monthly compensation of appellee Cleveland Leger to the sum of $45.00 per month and appellee Simon Leger the sum of $30.00 per month, and that appellees continued their work under such amended agreement up until about the 1st of February, 1947 when appellant sold his farm and discharged appellees; that the rice crop appellant and appellees contemplated on said farm for the year 1947 should have been matured and harvested by the last of August, 1947. It was also shown that appellee Cleveland Leger earned, in other pursuits, the sum of $260.00 between February 1st and September 1st, 1947, which amount was deducted from the total amount of damages as found by the jury.

Evidence on the part of the appellant in addition to the denial that any such contract as was asserted by appellees was ever made by him; that on February 28, 1947 he recovered a final judgment in a forcible detainer suit against appellees in the Justice Court of Precinct No. 5 of Jefferson County, Texas, in which said farm is located, ousting appellees therefrom. Other facts will be given in connection with some of the following points:

Appellant's points are in effect that the trial court erred in refusing to sustain his plea in bar of appellees' right to recover in

this cause a final judgment rendered on February 28, 1947 in favor of appellant against appellees, being the same judgment above referred to and for the same reason that the trial court was in error in refusing to instruct the jury to return a verdict in favor of the appellant; that the trial court erred in refusing to instruct the jury to return a verdict for the appellant although cause of action for breach of an oral contract for one year, because the undisputed evidence discloses that said contract was within the Statute of Frauds and objection was made by appellant to such proof of contract on such grounds was by the Court overruled; that the verdict of the jury is contrary to the undisputed evidence that the oral agreement for the breach which appellees seek damages is within the Statute of Frauds and objected to by the appellant, and that it was not to be performed and could not be performed within one year from the making thereof. The other point deals with appellant's objection to the Court in submitting the various issues on the grounds that such oral agreement was within the Statute of Frauds, and that appellees' right of recovery was barred by the final judgment and the forcible detainer suit above referred to.

We feel that a general ruling on the law question presented will dispose of this appeal without undertaking to discuss each point in detail, and in doing so we will discuss the effect on the rights of the parties to this litigation of the forcible detainer judgment obtained by appellant against appellees which terminated any possible rights they may have had to remain in possession of the farm in question.

 In support of appellant's contention that the judgment in the forcible detainer suit is res judicata, a bar and estoppel of the cause of action asserted by appellees, he cites the cases of Rankin v. Hooks, Tex.Civ.App., 81 S.W. 1005; Young Women's Christian Association of Austin v. Hair, Tex.Civ.App., 165 S.W.2d 238; Dyches v. Ellis, Tex.Civ.App., 199 S.W.2d 694 and other cases following the rule announced in Rankin v. Hooks. We find ourselves unable to agree with appellant in his contention as to the effect to be given to the judgment in the forcible detainer suit. The cause of action asserted here by appellees was for the breach of the contract of employment. It is true that it was contemplated under such contract that appellees would reside upon the farm in question, but their residence and occupancy of such farm was only incidental to their employment with appellant. The relation of landlord and tenant, not existing between the parties, the authorities cited by appellant, to our minds, have no application to the issues here involved.

 It could hardly be contended that if the appellant breached his contract of employment with appellees as was found by the jury that appellees would have a right, and certainly anything to gain by retaining possession of appellant's farm. There was no occasion for the issues of fact presented in this case to have been passed upon and determined by the Justice Court in trying the forcible detainer suit. Therefore such judgment could not operate as an estoppel to appellees' cause of action here asserted. This conclusion finds support in the case of Forman v. Massoni, Tex.Civ.App., 176 S.W.2d 366 cited by appellant. In support of these conclusions see 29 Tex.Juris., 20; Phoenix Oil Co. v. McLarren et al., Tex. Civ.App., 244 S.W. 830; Grayson v. Rodermund, Tex.Civ.App., 135 S.W.2d 178; City of Houston v. Walsh, 27 Tex.Civ.App. 121, 66 S.W. 106. See also 26 Tex.Juris., 128 and authorities there cited. In support of our conclusion that appellees were employees and not tenants of appellant, see the case of Brown v. Johnson, 118 Tex. 143, 12 S.W.2d 543, 545. The Commission of Appeals, speaking through Judge Short used this language:

"The possession of the land is with the owner as against the mere cropper, because a mere cropper is in the status of an employee, one hired to work the land and to be compensated by a share of the crop raised, with the right only to ingress and egress on the property. This is not so as to the tenant, who has a substantial right in the land itself for a fixed time."

 Appellant's points contending that appellees should not have recovered in the trial court because the contract for the

breach, on which their cause of action was based, was within the Statute of Frauds are overruled. Appellant did not plead any phase of the Statute of Frauds as a defense to appellees' cause of action as provided for in Rule 94, Texas R.C.P., neither was any objection made to the evidence at the time it was offered which went to establish the contract relied upon by appellees. In fact much of this evidence was brought out from cross examination of appellees' witnesses by the appellant. However, appellant did move the court to strike from the record all of appellees' testimony going to prove up the contract for the reason that appellees had admitted that their contract was for more than a year and, therefore, came within the Statute of Frauds. He also moved for judgment on the same ground. It will be noted, however, that in neither appellant's motion to strike the evidence nor his motion for instructed verdict did he call the attention of the trial court to which section of the Statute of Frauds that appellant contended applied to the asserted cause of action; that is, whether Subdivision 4 of Article 3995 which provides in effect that in a contract for the sale of real estate or the lease thereof for a longer term than one year must be in writing, or whether it was their contention that Subdivision 5 of said Article which provides in substance that any agreement which is not to be performed within the space of one year from the making thereof must be in writing. Therefore such motions were too general to call the trial court's attention to the particular subdivision of the statute which appellant believed to constitute a bar to appellees' cause of action. See Steed v. State, Tex.Civ.App., 180 S.W.2d 446 and Rule 270, T.C.P.

■ In this case we can find no excuse for appellant not having affirmatively plead the Statute of Frauds as a defense to appellees' cause of action had he desired to take advantage of same. While appellant states in his brief that appellees' petition plead a contract to be performed within one year, we are convinced that the petition, when construed as a whole, does not plead such a contract. Appellees allege that the contract relied on was entered into on or about the 20th day of August, 1946 and every item of damage sought to be recovered by them, other than the value of the rice, extended to and covered all the month of August, 1947, which necessarily was more than one year after the alleged date the contract was made. This being true it was incumbent upon appellant to plead the Statute of Frauds as an affirmative defense in order to take advantage thereof. 20 Tex.Juris., 354; International Harvester Co. of America v. Campbell, 43 Tex.Civ.App. 421, 96 S.W. 93; De Proy et al. v. Progakis, Tex.Civ.App. 259 S.W. 620; Central Nat'l Bank of San Angelo v. Cox, Tex.Civ.App., 96 S.W.2d 746 and Rule 94, T.C.P.

■ We are of the opinion that the correct measure of damages was applied by the court in arriving at the amount of damages to be awarded to the appellees. It was shown that after appellant breached his contract of employment with appellees on February 1, 1947 that Cleveland Leger was able to and did earn the sum of $260.00 which was rightfully applied to the mitigation of his damages, as it was his duty to mitigate his damages as much as was reasonably possible. While it was shown that Simon Leger was an elderly man and was only able to do light physical work on the farm, the main value of his services being his advice as to how to produce a rice crop, and after appellant breached his contract Simon Leger was unable to secure other employment, and, therefore, earned nothing going to mitigate his damages. The verdict of the jury finding the amount and the value of the rice that would have been produced under the contract is sufficiently supported by the evidence.

It follows from what we have said that we are of the opinion that no reversible error is shown, therefore the judgment of the trial court is affirmed.