269 S.W.2d 826 (1954)
MACHANN et ux.
v.
MACHANN.
No. 3185.
Court of Civil Appeals of Texas, Waco.
June 17, 1954.
Rehearing Denied July 8, 1954.
*827 McFarlane & Dillard, Houston, for appellants.
M. S. Munson, Jr., Wharton, for appellee.
McDONALD, Chief Justice.
This is a suit for $1,500, being ¼ of the proceeds of the sale of 80 acres of land, under allegations imposing a parol trust on same. Parties will be referred to as in the Trial Court.
Plaintiff alleged that on or about 28 August 1936 (his father being dead), he, his mother, his two sisters, and his brother (defendant herein) entered into an agreement to place the legal title to the family 80 acre farm in the names of his two sisters and defendant, for the purpose of selling the farm and for managing it until it was sold; and further, that during the lifetime of the mother she was to receive all revenue derived from the place; and upon sale of the farm the proceeds should be divided equally between the 4 children. That in accordance with such agreement plaintiff and his mother executed deeds to the other 3, but that no consideration other than the agreement was paid for such deeds. In 1941 and 1948 the 2 sisters, for a valuable consideration, conveyed their interest in the property to defendant. In 1942 defendant deeded the property to his wife. The *828 mother died in 1944. That on 26 September 1949 appellant and his wife sold the property for $6,000 consideration, all of which has been paid to defendants. Plaintiff alleged that he did not know of the conveyance by defendant to his wife or of their sale for the $6,000 until just prior to filing this case on 20 September 1951.
Defendants answered by voluminous exceptions and pleadings, but contended in the main that the cause was barred by the 2 and 4 year statutes of limitation; that there was no agreement such as alleged by plaintiff; but that plaintiff deeded his interest in the property to defendant and 2 sisters because he had received advancements amounting to his proportionate share of the property and that the conveyance was to offset the advancements he had received.
Trial was before the court without a jury, which, after hearing the evidence, rendered judgment for plaintiff for $1,500 or ¼ of the $6,000 for which the land was sold.
The Trial Court filed Findings of Fact substantially as recited above, and Conclusions of Law to the effect that 1) the agreement between plaintiff, defendant, their mother and 2 sisters was valid and binding on the parties thereto; 2) that the deed from defendants to the purchaser on 26 September 1949, if it could be construed as a repudiation of the agreement, was not discovered by plaintiff until just prior to filing suit, and would not constitute notice to him until his discovery thereof; 3) that under the facts, plaintiff's cause was not barred by either the 2 or 4 year statute of limitation; 4) that plaintiff is entitled to recover $1,500, with interest at 6% from 26 September 1949.
Defendant appeals to this court on 9 Points, but which present only 5 basic contentions: 1) The contract was not enforceable because it was within the Statute of Frauds. 2) The cause of action was barred by the 2 and 4 year statutes of limitation. 3) The contract was not enforceable because it was indefinite of performance. 4) The weight and preponderance of the evidence is against plaintiff's recovering judgment based on the alleged oral trust agreement. 5) The Trial Court erred in finding for plaintiff for the full $1,500 when there was evidence that there was abstract, commission and other expense of $450 in connection with the sale.
Defendants' 1st contention is that the oral trust agreement was not enforceable because it contravened the Statute of Frauds, Vernon's Ann.Civ.St. art. 3995.
The Statute of Frauds was not pleaded by the defendant in the Trial Court, as required by Rule 94, Texas Rules of Civil Procedure, and cannot be raised for the first time on appeal. See Rule 94, T.R.C.P.; Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, W/E Ref.; Cessac v. Leger, Tex.Civ.App., 214 S.W.2d 860, W/E Ref. N. R. E.; Osborn v. Cone, Tex.Civ. App., 234 S.W.2d 88.
Further, the Statute of Frauds could have no application under the facts in the case at bar in any event. This was not a suit to enforce a contract for the sale of land, but a suit to recover a portion of the purchase price for land conveyed by deed and paid for. Plaintiff has shown such partial performance as to take the contract out of the operation of the Statute of Frauds. The contract was twofold, viz.: 1) that the property should be sold, and 2) that the proceeds should be divided between the 4 named children. The property was sold. Where a contract is executed on one side and nothing remains but the payment of the consideration, this may be recovered notwithstanding the Statute of Frauds. 20 T. J. 322; Texas & Pacific Coal & Oil Co. v. Patton, Tex.Com.App., 240 S.W. 303; Osborn v. Cone, Tex.Civ. App., 234 S.W.2d 88.
Defendants' 2nd contention is that plaintiff's cause of action was barred by both the 2 and the 4 year Statutes of Limitation.
As to the 2 year Statute of Limitation Article 5526, in so far as it affects this suit, bars actions commenced after 2 years in the following instances: a) Actions *829 for detaining personal property of another, and for converting such property to one's own use; b) actions for debt where the indebtedness is not evidenced by a contract in writing. The case at bar is a suit for the recovery of personal property to-wit, a ¼ interest in the proceeds of the sale of land. The land was sold on 26 September 1949 and this suit was filed on 20 September 1951. Until the land was sold plaintiff would have no cause of action and the suit was filed within the 2 years allowed.
As to the 4 Year Statutes of Limitation, Article 5527 could have no application to this case by its very terms, and Article 5529 provides that actions for the recovery of real estate shall be brought within 4 years next after the right to bring it shall have accrued. The only evidence that plaintiff ever received that defendant was claiming the land himself was in a conversation testified to by both parties wherein defendant said he was going to give the land to his children. This conversation took place in 1948and if it be deemed notice to plaintiff that defendant was claiming the land adversely to plaintiff's interest thereinwhich at best is doubtfulit is of no avail to defendant since suit was filed in 1951, within the 4 year period prescribed by the Statute. The fact that defendant theretofore purchased the interest of his sisters is no notice to plaintiff that defendant is claiming the land adversely to his interestor of a repudiation of the trust, since the sisters could only sell their own interest and the Trial Court found that they only intended to sell their individual interests.
Defendants' 3rd contention is that the contract was not enforceable since it was indefinite of performance. This contention invokes the assertion that the agreement was in violation of the rule against perpetuities, which is a limitation tending to take property out of commerce for a longer period than a life or lives in being and 21 years beyond. The agreement of the parties to same in the case at bar was an agreement to sell property and divide the proceeds. There was no restraint of sale whatever for any period of time. From the moment title vested in defendant and his 2 sisters they could have sold it. This was the whole purpose of the deeds to them for the purpose of sale. The rule against perpetuities has no application to the facts in the case at bar.
Defendants' 4th contention is that the weight and preponderance of the evidence is against plaintiff's recovering judgment based on the oral trust agreement. The evidence in the case consisted of the testimony of plaintiff and defendant; the deposition of a sister and the written instruments introduced in evidence. All of the evidence in the case supports the judgment except the testimony of the defendant. It is our view that the weight and preponderance of the evidence sustains the judgment of the Trial Court.
Defendants' 5th contention is that the Trial Court erred in rendering judgment for the full $1,500 when the evidence reflected that there was abstract, commission and other expense in the amount of $450 in connection with the sale of the property, and that plaintiff should be required to bear ¼ of the sale expense if he should recover ¼ of the sale price. Defendant made no pleadings upon the above point; requested no finding on same, and raises the question for the first time in the appellate court. Under these circumstances we must treat the matter as waived. See Rule 94, T.R.C.P.; American Nat. Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937, W/E Ref. W.M.
All of defendants' Points and the contentions made thereunder have been carefully considered, and no error appearing, the judgment of the Trial Court is affirmed.