H. D. CONE, Appellant,

v.

S. D. OSBORN, Appellee.

No. 6747.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 9, 1954.

Hardy & Clapp, Kenneth R. King, Tyler, for appellant.

Waldrop & Shaw, Henderson, Charles C. Wells, Grand Prairie, for appellee.

FANNING, Justice.

This suit was brought by appellee Osborn for the consideration stated in a royalty deed wherein Osborn was grantor and appellant Cone was grantee. In a former trial before the court, judgment was rendered for Cone. On appeal of the former case to the Fort Worth Court of Civil Appeals, in Osborn v. Cone, 234 S.W.2d 88, 89, the judgment of the trial court was reversed and the cause remanded for further proceedings not inconsistent with the opinion of that court. After remand, the trial court granted appellee's motion for summary judgment. This appeal is from this summary judgment.

Appellant contends that the trial court erred in granting summary judgment because: (1) There was a genuine material issue as to whether there was an unconditional delivery of the royalty deed in question; and (2) there was a genuine material issue as to whether the transaction in question was an option contract wherein Cone, if he so desired, could purchase the royalty in question.

On February 25, 1948, Osborn executed a deed which purported to convey to Cone an undivided mineral royalty interest in an 80-acre tract of land located in Sabine Parish, Louisiana. The deed contained the following provision: "The consideration for this sale and transfer is the obligation of the purchaser to deliver to the said S. D. Osborn within ninety (90) days from date hereof either one new 1948 DeSoto automobile, or one new 1948 DeSoto Sedan automobile at the option of the said S. D. Osborn; it is being understood that the retail

value of the automobile to be delivered as the purchase price hereof is twenty-seven hundred and no/100 ($2700.00) Dollars."

Osborn brought this suit, alleging that Cone had accepted the aforesaid contract by reading it over and stating that it represented the contract between the parties, and by filing it for record in Sabine Parish, that Cone had retained the original or a true copy in his possession, that Cone had failed to perform his obligation under the contract, and that because of Cone's failure to perform his obligation Osborn had been damaged in the sum of $2,700. The prayer of Osborn's petition was for judgment in the sum of $2,700, plus interest from May 25, 1948, or in the alternative, for judgment for specific performance of the obligation to deliver to appellant an automobile of the kind described in the contract, and for general relief. Cone's answer consisted of a general denial, and of specific allegations that he had never entered into any contract or agreement with Osborn under the terms of which he was obligated to deliver to Osborn an automobile of the kind described in the contract, and also to the effect that the transaction in question was a 90-day option contract to purchase the royalty if appellant desired to do so.

The trial court (in the first trial) rendered judgment denying Osborn a recovery, and in its findings of fact and conclusions of law held that there was no consideration for the deed, that the deed was never delivered to Cone, and that the contract to deliver the automobile was invalid because of the Statute of Frauds. The Fort Worth Court of Civil Appeals in Osborn v. Cone, supra, in reversing and remanding the cause held that the findings of the trial court were not warranted by the evidence. We quote from the opinion of the Court of Civil Appeals as follows: "The deed, if otherwise valid, was supported by sufficient consideration. Under elemental principles of contract law, the obligation of appellee to deliver the automobile was a sufficient consideration for the deed, and the conveyance of royalty was a sufficient consideration for the promise to deliver the automobile. It is im-

material that no money was paid by one party to the other at the time the deed was executed. It would be a strange principle of law that would permit appellee to base a claim of failure or want of consideration on his own refusal to perform his promise. The finding of the court that the deed was not delivered is at least against the overwhelming preponderance of the evidence, if not against the undisputed evidence. It was shown by the evidence that the practice in Louisiana was for the original deed to be filed with the recorder of deeds and left permanently in his office. The Louisiana attorney who prepared the deed testified, saying that it was customary for the notary to file the deed, and for a certified copy to be furnished to a party who desired a copy. It is undisputed that appellee received a certified copy of the deed and retained it in his possession. He was asked if a deed to the property in question had ever been delivered to him, and answered, 'No, not the original deed.' He said that he was shown a carbon copy of the deed, but that he did not record a carbon copy. Appellant had theretofore introduced in evidence a certified copy of the deed. This copy was exhibited to appellee and he was asked, 'I will ask you to examine this instrument which the plaintiff has introduced in evidence and tell me if that is a copy of the deed that you were given?' and answered, 'Yes; that was.' He said that he recalled being in the office of Mr. Pickett, the Louisiana attorney, when the deed was drawn, and testified as to conversations among the parties and the attorney. Appellee said that he told appellant and the attorney that he did not want to be bound if he could not deliver the automobile, and being asked what appellant said, replied, 'He said that would be all right; and I said you can have your royalty back and he said, "All right, that is the understanding," and he knows that is true.' He was asked if he had not had the certified copy 'ever since it was returned to you by Mr. Pickett?' and answered, 'I do not deny it.' In response to a question he said he received the copy from the office of the Louisiana attorney, and then was asked, 'And you accepted it?' and replied, 'Sure,

I accepted it.' In another portion of his testimony he said that the copy was sent to him by the recorder of Sabine Parish, Louisiana, the parish in which the land was located.

"Appellee (Cone—now appellant in the case at bar) placed two of the employees on the stand. One of them was his bookkeeper, who testified that she heard appellant and appellee discussing the terms of the trade in appellee's office. The following statement from her testimony reflects her version of the agreement. 'Well, within the ninety day period if this royalty developed and proved profitable, he was to deliver him a car, but if it did not he was to give the royalty back to him and it would not be any good then.' She also said that she heard appellant agree in effect that if appellee did not deliver the automobile and if the property did not pay out 'there was no deal.' The testimony of the other employee was so vague that it is not worth mentioning. The record as a whole, including appellee's brief, strongly suggests that both appellee (Cone—now appellant) and the trial court proceeded on the theory that delivery of the deed was not shown because there was no testimony that the original deed was manually handed to appellee (Cone—now appellant). Neither in the trial court nor in this court have the parties made any effort to show whether the law with respect to delivery of a deed is different in Louisiana from what it is in Texas. We have read with interest the opinion in Chapman v. Kellogg, Tex.Com. App., 252 S.W. 151. It was there pointed out that it was customary before the common law was adopted in Texas for a conveyance to be retained in the archives of the notary, and for a certified copy to be given to the purchaser. As we read the opinion, it declared that delivery of the deed was not required by the civil law, and that an acceptance was shown where the deed had been filed as just mentioned. But even under present Texas law, we think that the evidence shows overwhelmingly, if not conclusively, that appellee (Cone— now appellant) accepted the deed, and that a technical delivery of it was made to him.

Under our present law, assuming for the purposes of this opinion that the Louisiana law is the same, delivery is necessary, but the law prescribes no particular form of words or action as constituting delivery, and there does not always have to be a manual delivery of the instrument to the grantee or his agent. 14 Tex.Jur. 818 et seq. The manner of doing the act is unimportant, provided the facts and circumstances show that it was the manifest intention of the grantor to deliver and that of the grantee to accept the deed. Any act or declaration, denoting such intentions on the part of the respective parties, is sufficient. Mr. Pickett, the Louisiana attorney who prepared the deed, testified in the case, and when we consider his testimony, along with that of appellee (Cone—now appellant) concerning the receipt and retention of the certified copy and his declaration that he accepted the copy, it is difficult to see how it could reasonably be found that there was no delivery of the deed. The finding that appellant's (Osborn—now appellee in this suit) suit was barred by the Statute of Frauds was erroneous for two reasons. * * *" (Interpolations ours.)

After remand, Osborn filed his motion for summary judgment which was duly served upon Cone. Cone did not file any answer to such motion but appeared at the hearing. Without objection from either party there was introduced in the hearing of the motion for summary judgment the pleadings of the parties, the mandate and opinion of the Fort Worth Court of Civil Appeals in Osborn v. Cone, supra, and the complete statement of facts of the evidence in the first trial of the cause. The attorney for appellant Cone at said hearing stated as follows: "Mr. Clapp: The word certified copy has crept into the record. For that reason, and that reason alone, I would like to introduce in evidence the actual instrument that was delivered to Mr. Cone." Also the attorneys for the parties entered into the following stipulation with reference to the admission of such instrument: "In order to expedite matters counsel has agreed to stipulate this is the actual instrument, whatever it is, that was delivered to Mr.

Cone and which he said 'Certainly I accepted it,' or 'Sure I accepted it,' without going into the additional testimony of proving it up." The appellant Cone then introduced in evidence a royalty deed actually signed by S. D. Osborn, and this deed is an executed copy of or is identical with the deed upon which appellee's cause of action is based, and by the admissions of appellant Cone it is the royalty deed which he admits that he accepted from Osborn.

Appellant Cone also requested the trial court in this cause after the hearing on the motion for summary judgment to file findings of fact and conclusions of law. The trial court in its findings of fact and conclusions of law on the motion for summary judgment, among other things, found that the royalty deed in question was unconditionally delivered to Cone and accepted by him, that the deed was supported by sufficient consideration, that Osborn's cause of action was not barred by the statute of frauds, that there was no genuine issue of material fact, and that Osborn was entitled to judgment for the sum of $2,700 with interest from May 25, 1948 at the rate of 6% per annum.

In Ware v. Wright, Tex.Civ.App., 252 S.W.2d 1003, 1004, the court said that since the plaintiff could not show any facts which could be the basis of a recovery under his petition that the defendant was entitled to a summary judgment, saying, "The statute (Summary Judgment) is intended to avoid delays of trial where there is no genuine issuable fact, or where such claimed facts are successfully controverted". In Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015, 1016, the court said: "When the trial court proceeds to hear a motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, he is to determine from what is then before him whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment. Haley v. Nickels, Tex.Civ. App., 235 S.W.2d 683. Under said rule the court may look through and beyond the pleadings and even though a petition may state a cause of action, nevertheless if on a motion for summary judgment proof fails to show any genuine issue regarding a material fact, the granting of summary judgment is proper. McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236; Clark v. Barr, Tex.Civ.App., 239 S.W.2d 114."

It is our opinion that in view of the entire record there was no genuine material issue as to whether there was an unconditional delivery of the royalty deed in question. Osborn v. Cone, supra; Borger Townsite Co. v. Hutchinson County, Tex. Civ.App., 34 S.W.2d 912; McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997; Ford v. Hackel, 124 Tex. 402, 77 S.W.2d 1043.

It is also our opinion that there was no genuine material issue as to whether the transaction in question was an option contract. The instrument in question on its face is plain and unambiguous, and is a royalty deed, not an option contract. There were neither pleadings nor proof of fraud, accident or mistake on the part of appellant to set aside or to reform the deed in question. The rule is well established that in the absence of fraud, accident or mistake, a deed cannot be varied by parol evidence. Borger Townsite Co. v. Hutchinson County, supra; Davis v. Davis, Tex.Com.App., 141 Tex. 613, 175 S.W.2d 226; Bigham v. Bigham, 57 Tex. 238.

We also think that under the entire record in this case the trial court was justified in entering a summary judgment for appellee, and that under all the facts in this case, it was not necessary for appellee to verify the motion for summary judgment. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508.

The judgment of the trial court is affirmed.